**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENDO PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTAVIS, INC. and ACTAVIS SOUTH ATLANTIC LLC, <br><br> Defendants. | Civ. No. 12-cv-7591 (KM) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

  The plaintiff, Endo Pharmaceuticals, Inc. ("Endo") brought this action against Defendants Actavis, Inc. and Actavis South Atlantic LLC (collectively, "Actavis") alleging that Actavis falsely marketed a generic form of oxymorphone hydrochloride extended-release tablets. Endo asserts violations of the Lanham Act, 15 U.S.C. § 1125(a) and the New Jersey Fair Trade Act, N.J. Stat. Ann. 56:4-1 et seq. On March 21, 2016, I filed an opinion and order for the most part denying Actavis's motion to dismiss the Complaint, while noting that intervening FDA action had rendered Endo's claims problematic. (ECF nos. 64, 65)

  Now before the Court is the motion of Endo to dismiss its own Complaint without prejudice. ("Endo Brf.", ECF no. 73) Actavis opposes the motion as presented, arguing that any dismissal should be with prejudice. In the alternative, says Actavis, should the dismissal be without prejudice, then conditions to secure its position must be imposed. ("Actavis Brf.", ECF no. 76) Endo has filed a reply ("Endo Reply", ECF no. 77), in which its states that the decision whether to dismiss with or without prejudice is within the court's discretion. Critically, Endo concedes that it "is willing to accept the Court's exercise of discretion in this regard, but either way, it is clear that there is no

1

reason to continue litigating Endo's claims at this time." Endo adds that any dismissal should be without costs or fees.[1]

The parties' positions seem to have converged to some extent. For the reasons stated herein, I will grant the motion to dismiss the action with prejudice. Because I write for the parties, I dispense with any elaborate discussion of the facts or background.

Actavis markets a generic version of Endo's drug. The claim asserted by Endo in this case is that Actavis's marketing of "Generic Oxymorphone ER Tablets" as "AB Rated to Opana® ER'" became misleading after May 2012, once Endo had stopped selling what I have called Old Opana® ER in favor of Opana® ER with Intac, a crush-resistant formulation.

Meanwhile, however, the parties have been litigating a patent infringement action involving the same drug in the U.S. District Court for the Southern District of New York, *Endo Pharmaceuticals Inc. v. Actavis Inc., et al.*, No. 12-cv-8985 (TPG). Following a five-week trial, Judge Thomas P. Griesa ruled that Endo's patents were valid and that Actavis's sale of its generic equivalent was infringing. (A copy of the SDNY amended judgment, dated June 29, 2016, is attached to Endo's motion here, ECF no. 74-3.) Judge Griesa enjoined Actavis from making or selling its generic tablets during the life of Endo's patent, which expires in 2023. The damages phase of that case has been bifurcated and stayed pending the outcome of Actavis's appeal of the liability/injunctive judgment to the U.S. Court of Appeals for the Second Circuit.

As a result, Endo concedes, the relief it seeks in this DNJ action is moot or duplicative. Any injunction against Actavis's sale of its generic tablets with misleading advertising would be entirely subsumed by the SDNY injunction, which prohibits Actavis from selling the tablets at all. Claimed damages in this DNJ case, consisting of lost profits for sales of tablets with misleading

---

[1] Endo's motion brief, citing no authority, suggests in the alternative that this case be stayed pending the outcome of the SDNY case and appeal. Its reply omits all mention of the alternative request for a stay.

2

advertising, would likewise be subsumed; the SDNY damages phase (which has been bifurcated and stayed) seeks lost profits for *all* sales of the Actavis generic.

Endo therefore seeks to dismiss this DNJ action, pursuant to Fed. R. Civ. P. 41(a)(1). Such a motion, it urges, should ordinarily be granted absent a showing of substantial prejudice to the defendant that goes beyond the mere prospect of a renewed lawsuit. *See Pappas v. Twp. Of Galloway*, 565 F. Supp. 2d 581, 593–94 (D.N.J. 2008). Endo prefers dismissal without prejudice, given the possibility, however unlikely, that the Second Circuit would reverse the SDNY judgment. Actavis responds that the dismissal should be with prejudice, cataloguing various forms of prejudice it might suffer if, after a without-prejudice dismissal, Endo should someday reinstate this lawsuit.[2]

In its rely, Endo falls back somewhat. It notes that the nature of the dismissal lies within the Court's discretion. (Endo Reply at 1–2 (citing *Quality Improvement Consultants, Inc. v. Williams*, 129 Fed. App'x 719, 722 (3d Cir. 2005) (citing *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974)). Endo says that it will therefore "accept the Court's exercise of discretion" as to whether to dismiss the case without prejudice or with prejudice. (Endo Reply at 2)

"[E]ither way," says Endo, "it is clear that there is no reason to continue litigating Endo's claims at this time. And, whether dismissed with or without prejudice, it is evident any such dismissal should be without assessment of any costs or fees, as the merits of Endo's claims [in this DNJ action have] yet to be determined." (Endo Reply at 2) I take that to mean that Endo wishes to dismiss the case, preferably without prejudice, but that it desires a dismissal in any case. In short, Endo (quite sensibly, in my view) has concluded that

---

[2]   Among these are the possibility of lost insurance coverage. Actavis therefore proposes various security devices, such as requiring Endo to stand surety in the event the insurance carrier declines coverage, or continuing to litigate while having Endo bear both sides' expenses.

continued litigation of this DNJ case is too steep a price for the privilege of keeping open a highly contingent option.³

I have considered prudential factors, such as the ongoing and duplicative expense of this litigation, the expense already incurred by defendant in preparing for trial, the extent to which this case has progressed, and Endo's diligence in moving to dismiss. *See generally* 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2364. For the reasons already expressed, this DNJ action has become duplicative, and perhaps wholly moot. Significant expense has surely been incurred, but we are not close to trial. Discovery, for example, has not begun. While there has been significant motion practice, trial preparation as such lies in the future. And finally, Endo acted with reasonable dispatch to file its motion to dismiss after obtaining a favorable ruling in the Southern District of New York.

As for the question of dismissing with or without prejudice, I consider the following. First, Endo, as outlined above, has pronounced itself willing, however reluctantly, to abide by a with-prejudice dismissal. Second, Endo has seemingly all but abandoned its awkward alternative proposal for a stay. Third, Endo states that a reversal on appeal in the Second Circuit is highly unlikely, and it is not structuring its affairs in relation to such a ruling. Fourth, should marketing of the generic drug resume, and should the complained-of advertising reappear, an action for forward-looking relief, at least, should remain viable. Fifth, Actavis points to a large expenditure of fees over the four years this litigation has been pending, and cites the weaknesses of Endo's case. Permitting Endo to simply walk away with all its options open, Actavis implies, would be inequitable. Sixth, Actavis cites the possibility of prejudice, however

---

³   Endo's reply omits all mention of its half-hearted alternative request for a stay. Even in its main brief, Endo conceded that a stay "seems unnecessary," but proposed it as a "more sensible alternative" to "forcing the Court and the parties to litigate." (Endo Brf. at 7) A dismissal with prejudice, of course, is likewise an alternative to forcing the parties to litigate, and in its reply, Endo seemingly accepts it as a second-best alternative.

remote—such as loss of insurance coverage— and states that it should not be exposed to that possibility for the convenience of Endo.

All of these factors point to a with-prejudice dismissal that will bring this already lengthy litigation to an end.

## CONCLUSION

Accordingly, the motion of Plaintiff Endo for leave to voluntarily dismiss the complaint, pursuant to Fed. R. Civ. P. 41(a)(1), is GRANTED. For the reasons set forth above, I will exercise my discretion to declare that the dismissal is with prejudice. Each party shall bear its own costs and fees.

Dated: December 13, 2016

_____
KEVIN MCNULTY
United States District Judge